It follows, therefore, that the order should be affirmed.

Present — O'BRIEN, P. J., PATTERSON, McLAUGHLIN, LAUGHLIN and CLARKE, JJ.

Order affirmed.

In the Matter of ANTHONY J. GULOTTA, Appellant; BOARD OF ELECTIONS OF THE CITY OF NEW YORK, Respondent.

*Independent nomination for alderman in a district coterminous with an assembly district — 500 signatures are required.*

Where it appears that an assembly district and an aldermanic district in the city of New York are coterminous, the statutory rule (Laws of 1896, chap. 909, § 57, as amd. by Laws of 1901, chap. 654) requiring 500 signatures to an independent nomination for the office of member of assembly will, by analogy, be deemed applicable to an independent nomination for the office of alderman.

APPEAL by the petitioner, Anthony J. Gulotta, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York, denying the petitioner's motion to review the decision of the board of elections in rejecting his certificate of nomination for ·member of the board of aldermen.

*A. S. Gilbert*, for the appellant.

*Charles H. Knox* and *John T. Dooling*, for the respondent.

PER CURIAM:

The order denying the motion to review the decision of the board of elections in rejecting the certificate of nomination, and affirming the action of the board of elections should be affirmed.

The assembly and aldermanic districts in this case are coterminous. The Election Law (Laws of 1896, chap. 909, § 57, as amd. by Laws of 1901, chap. 654) requires that a certificate for an independent nomination of a member of assembly shall be subscribed and verified by at least 500 electors of the district. By analogy the same rule should apply to the requisite number to constitute a valid independent nomination for the office of alderman. In this proceeding the certificate filed shows 951 signatures. The affidavits presented before the board of elections show that 465 of these signatures should not be counted.

The order should, therefore, be affirmed.

Present — O'BRIEN, P. J., PATTERSON, MCLAUGHLIN, LAUGHLIN and CLARKE, JJ.

Order affirmed.